T. M. Girdler and Lillian S. Girdler v. Commissioner. Norris J. Clarke v. Commissioner. Charles M. White and Helen B. White v. Commissioner. R. J. Wysor v. Commissioner.
Girdler v. Commissioner
Docket Nos. 262, 263, 264, 265.
United States Tax Court
1943 Tax Ct. Memo LEXIS 190; 2 T.C.M. (CCH) 482; T.C.M. (RIA) 43353; July 20, 1943
*190 Thomas F. Patton, Esq., 1530 Republic Bldg., Cleveland, O., for the petitioners. Lawrence R. Bloomenthal, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined deficiencies in 1940 income tax as follows: Docket No. 262 (Girdler
$34,658.20
Docket No. 263 (Clarke)
15,510.79
Docket No. 264 (White)
16,292.76
Docket No. 265 (Wysor)
25,093.82
He included in gross income the amounts paid by Republic Steel Corporation, of which they were executives, for deferred annuity contracts. The facts were all stipulated and are found as stipulated. [The-Facts] The petitioner's income tax returns for 1940 were on the cash receipts and disbursements basis and were filed in the 18th District of Ohio, at Cleveland. Girdler was chairman of the board; Wysor was president; White was vice-president in charge of operations, and Clarke was vice-president in charge of sales. Each was a shareholder and Girdler and Wysor were directors. A pension plan, in which the petitioners participated, had been established by the corporation in 1937 pursuant to action taken by the stockholders at their annual meeting. In 1940 the net profits of the corporation *191 were substantially greater than in any of the three preceding years. At the December 23, 1940, directors' meeting, at which none of the petitioners was present, after considering the rewarding of certain of the key executives who had been particularly influential in the successful conduct of the corporation's business during 1940, the board adopted the following resolution: RESOLVED that Republic Steel Corporation purchase deferred annuity contracts, having no cash surrender value, on the lives of the following named officers of the Corporation in the respective amounts set opposite the name of each officer, to wit: Tom M. Girdler
$50,000.00
Rufus J. Wysor
37,000.00
Norris J. Clarke
25,000.00
Charles M. White
25,000.00
Myron Arms Wick
12,500.00
RESOLVED FURTHER that R. J. Wysor, President and W. W. Hancock, Secretary of the Corporation be, and they hereby are, authorized and directed in the name and on behalf of the Corporation to execute and deliver to an insurance company or companies applications for said annuity contracts. RESOLVED FURTHER that W. W. Hancock, Treasurer of the Corporation, be, and he hereby is, authorized and directed to pay out of the funds of *192 the Corporation all premiums or other amounts required to be paid to purchase said annuity contracts. RESOLVED FURTHER that when said annuity contracts shall have been issued and delivered to the Corporation, the Treasurer be, and he hereby is, authorized and directed to deliver to each of the above officers the annuity contract or contracts issued on the life of such officer, as additional compensation for services rendered to the Corporation by said officer during the calendar year 1940. RESOLVED FURTHER that the Treasurer of the Corporation be, and he hereby is, authorized and directed to pay to Tom M. Girdler as further additional compensation for services rendered by him to the Corporation during the calendar year 1940 the sum of $1,000.00 in cash. Application
Deposited
signed by
Premium
with Ins. Co.
Total
Girdler
Girdler and
Connecticut
Republic
General Life
$25,000.00
$25,000.00
Wysor
Wysor and
Connecticut
Republic
General Life
12,000.00
12,000.00
Girdler
Republic
National Life
4,375.60
20,624.39
24,999.99
Wysor
Republic
National Life
4,375.60
20,624.39
24,999.99
Clarke
Republic
National Life
4,375.60
20,624.39
24,999.99
White
Republic
National Life
4,375.60
20,624.39
24,999.99
*193 Thereupon the corporation, in December, 1940, purchased from the Connecticut General Life Insurance Company single premium deferred annuity contracts on the lives of Girdler and Wysor, and from the National Life Insurance Company deferred annuity contracts on the lives of Girdler, Wysor, Clarke and White, and paid to and deposited with the insurance companies premiums as follows: The receipt covering each deposit provided: 1. Interest on the unused portion of the premium deposit will be credited on each premium due date at the rate of two per cent per annum. 2. If the amount remaining in the fund when a premium becomes due is not sufficient to pay such premium, the balance shall be paid the annuitant. 3. If the premium payments shall have been completed, any balance of the fund will be paid the annuitant. 4. If the annuity contract shall terminate, any balance of the fund shall be paid the annuitant, if living; otherwise to the beneficiary of the annuity. 5. This deposit cannot be withdrawn except as provided in paragraphs 2, 3 and 4 above. Under each National Life contract a premium of $4,375.60 was payable upon the delivery of the contract, and $4,375.60 annually thereafter *194 during the life of the annuitant until six full years' premiums were paid. In 1940 Girdler was 64 years of age, Wysor 55, Clarke 57, and White 50. The annuities were to be payable in monthly installments commencing at age 70. All the contracts were delivered to and accepted by the respective annuitants. The beneficiaries of death benefits designated by the petitioners were either the estate, or members of the family, of the annuitant. The contracts did not authorize assignment, surrender for cash or otherwise. Each annuitant had the right to change the beneficiary. The cost of the annuity contract to the Republic Corporation was fair and reasonable. The corporation charged the amounts to 1940 general administrative expense, and took them as deductions in its income tax return for 1940. None of the petitioners included in income in his 1940 income tax return any amount on account of the annuity contracts, but each reported in his return that such annuity contracts had been purchased for him by the corporation and did not constitute taxable income. The Commissioner increased the gross income by including the amount paid by the corporation for the annuity *195 contracts as follows: Girdler, $50,000; Wysor, $37,000; Clarke, $25,000; White, $25,000. [Opinion] Although the parties have filed briefs arguing the cases at length, there is no essential difference between the controlling considerations of these cases and those which determined the decision in . See also . The annuity contracts purchased by the Republic Corporation for the petitioners were not pensions or related to the 1937 pension plan; they were additional compensation for 1940. There is no difference for present purposes between the single premiums paid to the Connecticut General Life Insurance Company and the annual premiums and "deposits" paid to the National Life Insurance Company. We follow the opinion in the Brodie case, supra, and affirm the Commissioners' determination in each of these cases. Decisions will be entered for the Respondent.